RADCLIFFE v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroad**: KILLING STOCK: REVISED STATUTES, SECTION 2124: STATEMENT. In an action against a railroad under Revised Statutes, section 2124, for killing stock, it is not necessary for the plaintiff to allege that the defendant was required to fence its road where the animal entered upon it.

2. ——— : ——— : ——— : ———. Where the statement alleges facts which show that the defendant might have fenced its road at the point where the mare entered upon the track, it is sufficient in that regard.

3. ——— : ——— : ——— : ———. A *prima facie* case is made under

Revised Statutes, section 2124, by proof that the animal got upon the track and was killed where it was not enclosed.

4. ——— : ——— : ——— : ———. A statement under said section is not defective in failing to allege that the animal was injured in consequence of the failure of the railroad to erect fences.

5. **Pleading** : SURPLUSAGE. An allegation by plaintiff, of more facts than he is required to state, does not preclude him from a recovery where he has averred and proved those required to be made to make out his case.

*Appeal from Scott Circuit Court.*—Hon. J. D. Foster, Judge.

Affirmed.

*Smith, Silver & Brown* and *T. J. Portis* for appellant.

(1) The objection of the defendant to the introduction of any evidence, for the reason that the statement of the plaintiff failed to allege a cause of action, should have been sustained. The statement does not state a cause of action under the provisions of section 809 of the Revised Statutes. It fails to allege that the mare killed was injured, or entered upon defendant's road, at a point where the same was, by the statute, required to be fenced. *Manz v. Railroad,* 87 Mo. 278 ; *Davis v. Railroad,* 65 Mo. 441, and cas. cit. ; *Roland v. Railroad,* 73 Mo. 619 ; *Bates v. Railroad,* 74 Mo. 60. (2) Nor does it state that the injuries to said mare were occasioned by the failure of defendant to erect and maintain good and sufficient fences, etc. *Tucker v. Railroad,* 67 Mo. 245 ; *Cunningham v. Railroad,* 70 Mo. 202 ; *Sloan v. Railroad,* 74 Mo. 47. (3) Nor does the statement allege a cause of action under section 806 of the Revised Statutes. The allegation that defendant failed to ring the bell or sound the whistle on the train which killed plaintiff's mare, is not sufficient to make defend-

ant liable. *Holman v. Railroad*, 62 Mo. 562; *Moore v. Railroad*, 62 Mo. 584; *Stoneman v. Railroad*, 58 Mo. 503. (4) There is no connection alleged between defendant's omission of the statutory duty, and the injury complained of. This must be alleged and proved. *Braxton v. Railroad*, 77 Mo. 455; *Alexander v. Railroad*, 76 Mo. 494; *Turner v. Railroad*, 78 Mo. 581; *Stoneman v. Railroad*, 58 Mo. 503; *Holman v. Railroad*, 62 Mo. 562. (5) Nor does it state a cause of action under the provisions of section 2124, of Revised Statutes, for the reason that it does not negative the statutory exception that the injury occurred at a place where the railroad track "may have been inclosed by a lawful fence." This failure is fatal. R. S., sec. 2124; *Clarkson v. Railroad*, 84 Mo. 583; *Swearengen v. Railroad*, 64 Mo. 73; *Edwards v. Railroad*, 66 Mo. 567; *Nance v. Railroad*, 78 Mo. 196; *Wyman v. Railroad*, 79 Mo. 247; *Tiarks v. Railroad*, 58 Mo. 45; *Russell v. Railroad*, 83 Mo. 507. The strictness of the rules of pleading which apply in this class of actions must not be overlooked. *Manz v. Railroad*, 87 Mo. 278. (6) The first instruction given for plaintiff, erroneously told the jury that if the plaintiff's mare was killed by defendant's train of cars within the corporate limits of the village of Oran, at a point not at the crossing of a public highway, and at a point of territory adjacent in said corporate limits where there were no streets crossed by defendant's road, then the plaintiff was entitled to recover without proof of negligence. To relieve the plaintiff of the burden of proving negligence, it was necessary, in order to make out a *prima facie* case, for him to show that the road might have been and was not fenced when the injury occurred. This is so when the action is brought under section 2124, Revised Statutes. Unless this fact was found by the jury, the *onus* was on the plaintiff. This omission is fatal. *Wyman v.*

*Railroad,* 79 Mo. 247; *Young v. Railroad,* 79 Mo. 336. Before the jury could find for plaintiff, some connection should have been shown between the omission to fence, and the injury. *Braxton v. Railroad,* 77 Mo. 455; *Alexander v. Railroad,* 76 Mo. 484. The third instruction asked by defendant should have been given. *Young v. Railroad,* 79 Mo. 336. (7) By an examination of the evidence which has been presented *in extenso,* it will be seen that there is a total failure of proof to make out a case under the statute as construed by this court in the cases which have been already cited.

*Marshall Arnold* for respondent.

(1) This action was obviously intended to be brought under section 2124, Revised Statutes. Hence, the authorities cited by appellant in support of the position that the statement fails to allege a cause of action under section 806 or section 809, Revised Statutes, are inapplicable. (2) While the statement does not negative in express words "that the injury occurred at a place where the railroad track may have been inclosed by a lawful fence," it does allege that the point where the injury occurred "was not laid out in streets in said village and was where the road passed along and through inclosed lands, and not at a public crossing," a state of facts from which the law will readily draw the inference that the road at that point "may have been inclosed by a lawful fence." *Ellis v. Railroad,* 48 Mo. 233; *Edwards v. Railroad,* 66 Mo. 567; *Russell v. Railroad,* 83 Mo. 507. Appellant's authorities abundantly sustain the view that a railroad company may or can fence its road within that part of an incorporated town not laid off into streets and thoroughfares. That a pleading should aver facts and not their legal conclusion is elementary. Appellant insists that "the strictness of the rules of pleading which apply in this class of actions must

not be overlooked." Unless the fact that a railroad company is sued gives rise to such construction it is difficult to perceive any reason for the rule. *Manz v. Railroad,* 87 Mo. 278, cited, was decided under the double damage act, and the learned judge in that case enunciates the well established principle "that greater strictness of construction is requisite" in cases of that character than in ordinary actions. It is imagined that no greater strictness of averment and technical precision ought to be required in this than in other ordinary actions originating before magistrates *Quinn v. Stout,* 31 Mo. 160; *Iba v. Railroad,* 45 Mo. 469; *McCartney v. Aner,* 50 Mo. 395. (3) The company having the legal right to fence at the point where the animal was killed, the court committed no error in giving plaintiff's first and refusing defendant's third instruction. Sec. 2124, R. S. ; *Edwards v. Railroad,* 66 Mo. 567; *Clarkson v. Railroad,* 84 Mo. 583. (4) There was evidence tending to support the verdict of the jury, and this court will not weigh the evidence to see whether or not the verdict is against the weight of the evidence. *Blankenship v. Railroad,* 48 Mo. 376 ; *Wortman v. Campbell,* 48 Mo. 509; *Long v. Eaton,* 49 Mo. 115; *Brown v. Railroad,* 50 Mo. 461.

HENRY, C. J.—This suit originated in a justice's court in Scott county, and the following is the statement of his cause of action filed by plaintiff with the justice :

"Plaintiff states that defendant is an incorporated company under the laws of the state of Missouri ; that on the twenty-eighth day of September, 1882, it was the owner of, and operating, a railroad with cars and locomotives, and that on the day and year last aforesaid, within the corporate limits of the village of Oran, in Sylvania township, in Scott county, at a point on the track of defendant's railroad where there were no fences, and where

the land was not laid out in streets in said village, and where the same passed along and through enclosed lands, and not at a public crossing of said road, the defendant, by its agents and servants running its locomotives and trains of cars at a great rate of speed through said village, negligently and carelessly ran the same upon and over a mare of plaintiff, of the value of one hundred dollars, and thereby killed said mare; that defendant neglected to ring the bell of said locomotive or sound the whistle thereon, where said locomotive entered the corporate limits of said village; wherefore plaintiff asks judgment for one hundred dollars."

This is an appeal from the judgment of the circuit court in favor of plaintiff, and the first point made by appellant's counsel is, "that the statement fails to allege that the mare entered upon defendant's road at a point where the same was, by the statute, required to be fenced." The statute contains no such restriction upon the right of the owner of the injured cattle to recover. It provides that when any animal is killed or injured, by the cars, etc., used on any railroad in this state, the owner of such animal may recover its value in an action against the company "without any proof of negligence, * * * but this section shall not apply to any accident occurring on any portion of such road that may be inclosed by a lawful fence, or in the crossing of any public highway." Sec. 2124. Does the proviso mean that the section shall not apply to an injury occurring on a portion of the road which the defendant had the option to fence or not, but had left unenclosed?

In *Tiarks v. Railroad*, 58 Mo. 45, this court said: "The fifth section of the damage act (now section 2124) was designed to furnish an inducement for the roads to fence their tracks where it was not deemed absolutely necessary to compel them to do so. By that section, if the road is not fenced and animals are killed at a place where the law does not require fences to be erected, the

law raises the inference of negligence, and the corporation will be liable." So in *Edwards v. Railroad*, 66 Mo. 568, the court held that the fifth section of the damage act simply dispenses with proof of negligence in the first instance when animals are killed where there are no fences, but where fences might lawfully have been erected. Conceding the correctness of the above enunciations, it was not necessary to allege that the defendant was required to fence its road where the mare entered upon it. Nor was it necessary to allege,' in express terms, that at that point, while not required to fence, the company was at liberty to fence. That would have been pleading a conclusion of law. Plaintiff, in his statement, alleges the facts which show that defendant might have fenced its road at the point where the mare got on the track, and that was sufficient.

The words "may be enclosed" in the proviso mean no more than that the company should not be held under that section, if, in fact, the road, at the point where the accident occurred, was enclosed by a lawful fence. It was not intended to restrict its application to cases of injury occurring at points where the companies are required to fence, but is general, giving the right to sue, under that section, for an injury occurring anywhere on the road, except where it was enclosed by a lawful fence or crossed public highways. When the injury occurs at an unfenced portion of the road, which the statute requires the company to fence, the owner of the cattle injured has the option to sue for double damages under the old forty-third, now eight hundred and ninth section, or to sue under the fifth section of the damage act, now section 2124, for single damages.

The advantage of suing under the latter lies in the *quantum* of proof required, plaintiff making out a *prima facie* case by proof that the animal got upon the track and was killed where it was not enclosed. The section, to that extent, is but a modification of the common law,

enabling plaintiff to recover in an action for damages for an injury occasioned by the negligence of defendant without, in the first instance, proving such negligence. *Edwards v. Railroad*, 66 Mo. 571.

Nor is the statement defective in not alleging that the mare was injured in consequence of the failure of defendant to erect fences. In a suit for double damages under section 809, this averment has been held to be necessary, because the section imposes a liability upon railroad corporations in double the amount of damages "which shall be done by its agents, etc., to horses, cattle, etc., on said road * * * occasioned by the failure to construct or maintain such fences and cattle guards."

As to the contention of appellant's counsel, that it devolved upon plaintiff to show some connection between the omission to fence and the injury complained of, the cases cited have no application. The following instruction, given for plaintiff, is complained of: "The court instructs the jury that if they find from the evidence that the defendant, by its agents or servants, in the month of September, 1882, run its train of cars over or against plaintiff's mare within the corporate limits of the village of Oran, at a point on said road that was not in the crossing of a public highway, and at a point of territory adjacent to said corporate limits where there were no streets crossed by the defendant's road, then plaintiff is entitled to recover of defendant the value of said mare as shown by the testimony, not exceeding one hundred dollars, without any proof of negligence, unskillfulness or misconduct on the part of the officers, servants or agents of the defendant.

The defendant had the right, if the facts stated in the instruction existed, to fence its road where the injury occurred in the village of Oran. *Ells v. Railroad*, 48 Mo. 231; *Wymore v. Railroad*, 79 Mo. 247. The statement contained all the allegations required in an action based upon section 2124, and the allegation of

negligence, on the part of the company, did not impose upon defendant the burthen of proving it.   By the statement of more than was required, plaintiff did not forfeit his right to recover upon proof of statement he was required to make, and did make.

The judgment is affirmed.   All concur.