HENRY COWGILL, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1889.

Railroads: KILLING STOCK WHERE ROAD MIGHT BE FENCED; CARE OF DEFENDANT : NO DEFENSE FOR. Plaintiff's statement and proof showed that defendant's train killed his cow within the corporate limits of the city of Chillicothe, at a point where the defendant might have fenced its track without inconvenience to the public or annoyance to its business ; and defendant's evidence was to the effect that the cow was killed without fault or negligence of those operating the train, and that the killing was unavoidable accident. Thereupon the court properly refused to instruct the jury, in effect, as requested by defendant, that if the defendant, in the management of the train, at the time of the accident, used due diligence and caution, or if the injury was the result of accident and was not caused by any negligence or want of care and skill in operating the train, in either case, the finding must be for the defendant, as the care and caution of the defendant constitutes no defense under section 2124, Revised Statutes.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

Statement by the court.

This is a suit begun before a justice of the peace to recover the value of a cow killed by defendant's train within the corporate limits of the city of Chillicothe, at a point where the defendant might have fenced its track without inconvenience to the public, or annoyance to its own business.

The plaintiff's evidence shows, without contradiction, the killing of the cow as alleged in his statement, and her value.

The defendant's evidence was to the effect that the cow was killed without fault or negligence of those operating the train; that the killing was an unavoidable accident. Plaintiff introduced no rebutting evidence on this question of negligence in operating train. The defendant asked, and the court refused to make the following declarations of law:

"1. If the servants of defendant in charge of the train used due diligence and caution in its management at the time of the accident sued for, and said accident was not caused by any negligence or want of care or skill on their part, the finding must be for the defendant.

"2. If the injury sued for was the result of accident, and was not caused by any negligence or want of care or skill in those operating defendant's train, the finding must be for defendant.

"3. Under the evidence the finding must be for the defendant."

*Thos. E. Turney, Strong & Mosman,* for appellant.

(1) The defendant was not required to fence its track at the place of injury, and, therefore, was not guilty of negligence in failing to fence. *Wymore v. Railroad,* 79 Mo. 247; *Edwards v. Railroad,* 66 Mo. 571; *Elliott v. Railroad,* 66 Mo. 683, *Lane v. Railroad,*

18 Mo. App. 555. (2) Under section 2124, Revised Statutes, the recovery authorized upon proof of the injury and the failure to fence is not for the failure to fence, but for presumed negligence or carelessness in operating the train. *Tiarks v. Railroad*, 58 Mo. 45; *Sloop v. Railroad*, 22 Mo. App. 596; *Edwards v. Railroad*, 66 Mo. 571; *Young v. Railroad*, 79 Mo. 340; *Cousins v. Railroad*, 66 Mo. 572; *Myers v. Railroad*, 35 Mo. 355; *Wymore v. Railroad*, 79 Mo. 242; *Iba v. Railroad*, 40 Mo. 473; *Radcliffe v. Railroad*, 90 Mo. 128, 134; *Lloyd v. Railroad*, 49 Mo. 199. This presumption being one of fact may be overcome by proof. 2 Whart. on Ev. [1 Ed.] sec. 1227. (3) The *quantum* of proof required to recover in the first instance, to-wit, proof of the injury and of the failure to fence, is inconsistent with the assumption that such proof raises a conclusive presumption of negligence, because this would insure a recovery for a failure to fence alone, while, under the law, failure to fence is not negligence. The court erred in refusing instructions one and two asked by defendant. *Hipsly v. Railroad*, 88 Mo. 353, and cases cited.

*E. J. Broaddus* and *Frank Sheetz*, for respondent.

(1) The defendant could have fenced its road at the point where the animal was killed. *Ellis v. Railroad*, 48 Mo. 231; *Lloyd v. Railroad*, 49 Mo. 199; *Morris v. Railroad*, 58 Mo. 82; *Wymore v. Railroad*, 79 Mo. 247; *Young v. Railroad*, 79 Mo. 339; *Lane v. Railroad*, 18 Mo. App. 561; *Robinson v. Railroad*, 21 Mo. App. 141. (2) The instructions asked by defendant were not predicated on any issue in the case and were properly refused. *Burton v. Railroad*, 30 Mo. 372; *West v. Railroad*, 34 Mo. 177; *Garner v. Railroad*, 34 Mo. 235; *Calvert v. Railroad*, 34 Mo. 242; *Calvert v. Railroad*, 38 Mo. 467; *Powell v. Railroad*, 35 Mo. 457; *Elliott v. Railroad*, 66 Mo. 683; *Wymore v. Railroad*,

79 Mo. 249 ; *Young v. Railroad*, 79 Mo. 339 ; *Minter v. Railroad*, 82 Mo. 132 ; *Russell v. Railroad*, 83 Mo. 510 ; *Rhea v. Railroad*, 84 Mo. 348 ; *Forester v. Railroad*, 26 Mo. App. 124 ; *Vail v. Railroad*, 28 Mo. App. 377. (3) If defendant could have fenced at the point of injury without inconvenience to the public, and without necessarily interfering with its business, then the liability of defendant is fixed, and the management of the train is not relevant to the issue. *Burton v. Railroad*, 30 Mo. 372 ; *Brown v. Railroad*, 33 Mo. 311 ; *West v. Railroad*, 34 Mo. 177 ; *Garner v. Railroad*, 34 Mo. 235 ; *Calvert v. Railroad*, 34 Mo. 242 ; *Calvert v. Railroad*, 38 Mo. 467 ; *Powell v. Railroad*, 35 Mo. 457 ; *Iba v. Railroad*, 45 Mo. 469 ; *Bigelow v. Railroad*, 48 Mo. 512 ; *Wier v. Railroad*, 48 Mo. 558 ; *Tiarks v. Railroad*, 58 Mo. 50 ; *Edwards v. Railroad*, 66 Mo. 567 ; *Elliot v. Railroad*, 66 Mo. 683 ; *Wymore v. Railroad*, 79 Mo. 247 ; *Young v. Railroad*, 79 Mo. 339 ; *Minter v. Railroad*, 82 Mo. 132 ; *Russell v. Railroad*, 83 Mo. 510 ; *Rhea v. Railroad*, 84 Mo. 348 ; *Clarkson v. Railroad*, 84 Mo. 586 ; *Vail v. Railroad*, 28 Mo. App. 377 ; *Radcliffe v. Railroad*, 90 Mo. 134 ; *Robinson v. Railroad*, 21 Mo. App. 145. (4) Proof of injury at a point where road was not fenced and could have been by defendant, makes a *prima-facie* case on behalf of plaintiff, which can only be rebutted by showing that the business and convenience of the public and the defendant require that this point be left open. *Brown v. Railroad*, 33 Mo. 311 ; *West v. Railroad*, 34 Mo. 177 ; *Garner v. Railroad*, 34 Mo. 235 ; *Calvert v. Railroad*, 34 Mo. 242 ; *Calvert v. Railroad*, 38 Mo. 467 ; *Powell v. Railroad*, 35 Mo. 457 ; *Bigelow v. Railroad*, 48 Mo. 512 ; *Wier v. Railroad*, 48 Mo. 558 ; *Tiarks v. Railroad*, 58 Mo. 50 ; *Edwards v. Railroad*, 66 Mo. 567 ; *Elliot v. Railroad*, 66 Mo. 683 ; *Wymore v. Railroad*, 79 Mo. 249 ; *Young v. Railroad*, 79 Mo. 339 ; *Minter v. Railroad*, 82 Mo. 132 ; *Russell v. Railroad*, 83 Mo. 510 ; *Rhea v. Railroad*, 84 Mo. 348 ; *Clarkson v. Railroad*,

84 Mo. 586; *Vail v. Railroad*, 28 Mo. App. 376; *Radcliffe v. Railroad*, 90 Mo. 134; *Robinson v. Railroad*, 21 Mo. App. 145; *Forester v. Railroad*, 26 Mo. App. 124.

GILL, J.—The question presented for decision in this case is this: In a suit brought under section 2124, Revised Statutes ( section 5 of the old damage act ), can the action be defeated on a showing by the railroad company that the train which killed the animal was at the time being run in a careful and prudent manner, and that the injury was not caused by any negligence or want of care and skill on the part of the servant of the company at the time in charge of the train? We think not.

To permit such defense would, it seems to us, be opposed to section 2124 in word and spirit. The section reads, " When any animal shall be killed or injured by the cars, etc., used on any railroad in this state, the owner of such animal may recover the value thereof in an action against the company *without any proof of negligence, unskillfulness, or misconduct on the part of the officers, servants or agents of such company;* but this section shall not apply to any accident occurring on any portion of such road that may be enclosed by a lawful fence or in the crossing of any public highway." It is admitted that the place where plaintiff's cow was killed did not come within the places excepted from the operation of this section by the last clause thereof, that she was killed where the track may have been fenced, although not at a place required in terms to be fenced as provided by section 809 ( the old forty-third section ) of the general railroad law.

We can't give effect to the provisions of this section 2124, which in effect declares a liability of a railroad company on the concurrence of, first, the killing of the animal, and, second, at a point where the track is not,

but may be, fenced, and then allow the liability to be defeated because there was no negligence in operating the train, whereas, the section stipulates in effect that such actual negligence in running the train is wholly immaterial. This statute gives the owner of the animal the right of recovery. without any proof of negligence on the part of those operating the train. By the terms of this law the legislature meant to and did, eliminate that issue from such controversies. Can it be said that, although the owner of the animal might prove the kill-ing by the railroad company at a point on its road unfenced, and on which proof the statute *fixes* a liability without regard to the question of the negligence in run-ning the train, that the defendant may impose such other issue and additional burden on the plaintiff by a showing of due care by its servants in operating the train ? Under this statute the legal presumption of liability is fixed on the railroad company by the proof of killing the animal by the company's engine and cars at a point in the city of Chillicothe where it might have fenced its track without obstructing streets or disturb-ing the use of its depot grounds; and this liability is not overcome by any proof of careful management of the train which killed the animal.

We are unaided in the decision of this question by any ruling of other courts on this or a like statute. In none of the cases so numerously cited by counsel on both sides has this point been passed on. Defendant's learned and industrious counsel, in their brief, quote repeatedly from the supreme court of this state such expressions as, " That section 2124 simply dispenses with the proof of negligence in the *first instance*," etc., 66 Mo. 571, and again of the "*prima-facie* case " made by proof of the killing of the animal on the track where not fenced, etc.     90 Mo. 134.     But in no case that we have been able to examine was it ever claimed by counsel, or held by the court, that this case made, "*in the first instance*," this "*prima-facie* case," could be destroyed

by proof by the defendant that its servants operating the train were at the time in the exercise of due and proper care.

The trial court committed no error in refusing defendant's instructions, and as it appears to us the case was tried upon the proper theory and construction of the statute, the judgment must be affirmed. ELLISON, J., did not sit in this case.  SMITH, P. J., concurs.