A. VANDERWORKER, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 4, 1892.

Railroads: FENCING TRACK IN PLATTED TOWN: INCORPORATION. A railroad cannot lawfully fence its track where the same passes through a platted town having dedicated streets crossing such track; and it makes no difference whether the town is incorporated or not, or whether the streets are in use or opened across the track, or not.

*Appeal from the Gasconade Circuit Court.* — HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*H. S. Priest* and *Wm. S. Shirk*, for appellant.

(1) Plaintiff's evidence showed that the cow in question was killed inside the platted limits of Gasconade, a town regularly laid out and platted, with streets and alleys dedicated to public use, and these same facts were shown by the defendant's evidence, and stand as the admitted and undisputed evidence in the case. Under these facts defendant was not liable, except upon proof of actual negligence. *Garren v. Railroad,* 60 Mo. 405; *Elliott v. Railroad,* 66 Mo. 683; *Farrell v. Railroad,* 77 Mo. 476–7; *Farrell v. Railroad,* 18 Mo. App. 555; *Rhea v. Railroad,* 84 Mo. 348; *Wymore v. Railroad,* 79 Mo. 247. (2) Plaintiff's first instruction is wrong. It tells the jury that the defendant is liable if the cow got upon the track at a point where it was not fenced, and not in an incorporated city, town or village, etc. Such is not the law. *Garren v. Railroad,* 60 Mo. 405.

*Kiskaddon & Meyer,* for respondent.

(1) The evidence shows that Gasconade, while platted, is a mere town on paper. Streets and alleys are not known, and none in use, except a public crossing at the depot, and under those circumstances the defendant was obliged to fence its right of way at the point where the cow was killed. *Garren v. Railroad,* 60 Mo. 405. (2) The evidence shows that Gasconade is so laid out and platted that no streets and alleys run across defendant's track at the point where the cow was killed, and, hence, defendant was obliged to fence at that point, and it was not necessary to prove actual negligence. *Radcliff v. Railroad,* 90 Mo. 131; *Lane v. Railroad,* 18 Mo. App. 555; *Wymore v. Railroad,* 79 Mo. 247; *Young v. Railroad,* 79 Mo. 339; *Edwards v. Railroad,* 66 Mo. 571.

ELLISON, J.—Plaintiff sued under section 4428, Revised Statutes, 1889, for the loss of his cow, which was killed by defendant's cars within the limits of the town of Gasconade. He recovered below, and defendant brings the case here. The town was not incorporated, but was regularly platted with streets and alleys, which were dedicated to the public. The streets, as laid out, crossed the railroad track, but it appears the only one which was actually opened and in use across the track was several hundred yards from where the animal was killed.

From plaintiff's first instruction it appears the view was taken that, in order to exculpate defendant from fencing, the town should have been incorporated. This was error. If the town be "regularly laid out into lots, blocks and streets, the streets crossing the railroad, which streets have been dedicated to public use as highways, it would be unlawful for the railroad company to fence up the streets in such a town; and it would make no difference in such case whether the town so laid out into streets was incorporated or not. *Greene v. Railroad*, 60 Mo. 405.

But it is contended that with the exception of the one street, which was a considerable distance from where the animal was found, there were no streets in use or open across the defendant's track. It has been repeatedly held by the appellate courts of this state that, where there is an unplatted and undedicated tract of ground, it could lawfully be fenced, notwithstanding it was within the limits of a city or town. But where it is platted and the streets dedicated, the railroad company cannot lawfully fence, although such streets are not in use or opened across the track. *Elliott v. Railroad*, 66 Mo. 683; *Wymore v. Railroad*, 79 Mo. 247; *Ells v. Railroad*, 48 Mo. 231. In the latter case it was said: "Ordinarily, a railroad track cannot run any considerable distance within a town without being

crossed by some street actually opened or merely established. In that case the fencing cannot be required, for it would shut up a street actually in use, or one that had been laid out and dedicated and may soon be opened."

The case of *Lane v. Railroad*, 18 Mo. App. 559, is not contrary to the foregoing, for there it is said the company may fence unless the streets are "already opened or dedicated to the public." The instruction should have embodied such hypothetical state of case as was justified by the evidence. Indeed, if the facts as to dedicated streets are as defendant contends, then plaintiff cannot recover, under the foregoing authorities, without proof of negligence, notwithstanding the streets may not be actually opened or in use.

The judgment is reversed, and the cause is remanded. All concur.