A. VANDERWORKER, Respondent v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Railroads:** KILLING STOCK: FENCING IN PLATTED TOWN. If an animal comes upon the track of a railroad, and is killed, where such track might be fenced lawfully, the railway company is liable, regardless of the question of negligence, and the mere fact that the track is in a town plat does not make it unlawful to fence it, where the laid-out streets do not cross the track.

2. ——: ——: SWITCH LIMITS: QUESTION FOR THE COURT. A railroad company is not required to fence so much of its switch grounds as are necessary to remain open for the use of the public and the necessary transaction of business at its depot; and as to what is necessary is not left to the arbitrary judgment of the company, but is a question for the courts.

*Appeal from the Gasconade Circuit Court.*— HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Wm. S. Shirk,* for appellant.

(1) Although it appears from the plat of the town of Gasconade that the lines of the streets, marking their boundaries and location, did not extend across the lines marking the location and boundary of the railroad right of way, yet, where such plat shows that such streets are each laid out on both sides of such right of way, and extend up to its boundaries on each side, then such streets must be considered as laid out across such right of way, and the defendant would not be authorized to fence them up "which cross or abut upon the right of way." *Elliott v. Railroad,* 66 Mo. 683, 684. But would have to put in crossings when properly applied for. Revised Statutes, 1889, sec. 2609. It would have been a foolish act for the proprietors of the town of Gasconade to have attempted to dedicate a street across the right of way. They had no right to do this. *Detroit v. Railroad,* 23 Mich. 173; Rorer on Railroads, pp. 502-3, par. 21, note 2. All they could do was to dedicate the street on each side of the road, up to the boundary line of its right of way. And this gave the public the right to cross the railroad track and right of way, "now or hereafter to be opened." Revised Statutes, 1889, sec. 2609. (2) And the fact, that abutting on the defendant's right of way, on one side, there are several small lots of land not laid out into lots and blocks, and through which there are no streets laid out, while upon the opposite side of its right of way are lots and blocks, and streets and alleys, extending up to, and abutting upon, such right of way, and continued on each side of such right of way, would not compel or justify the defendant in fencing its right of way across such streets, nor render it obligatory upon it to fence its right of way on one side, along the boundary of such tracts of land not laid out into lots and

blocks. *Vanderworker v. Railroad*, 48 Mo. App. 654; *Elliott v. Railroad*, 66 Mo. 383; *Wymore v. Railroad*, 79 Mo. 247, and cases there cited and discussed. (3) The demurrer to plaintiff's evidence should have been given. It shows, beyond dispute, that the cow was killed within the actual switch limits. *Ellis v. Railroad*, 48 Mo. 232; *Morris v. Railroad*, 58 Mo. 78; *Russell v. Railroad*, 83 Mo. 507; *Rhea v. Railroad*, 84 Mo. 345; *Wymore v. Railroad*, 79 Mo. 247.

*Kiskaddon & Meyer*, for respondent.

(1) The evidence shows that Gasconade is so laid out and platted that no streets and alleys run across defendant's track at the point where the cow was killed, and, hence, defendant was obliged to fence at that point, and it was not necessary to prove actual negligence. *Radcliffe v. Railroad*, 90 Mo. 131; *Lane v. Railroad*, 18 Mo. App. 555; *Wymore v. Railroad*, 79 Mo. 247; *Young v. Railroad*, 79 Mo. 339; *Edwards v. Railroad*, 66 Mo. 571. (2) The only important question in this case is, whether or not the cow was killed within the depot grounds at Gasconade Station, which is a mixed question of law and fact, and must be submitted to the jury under proper instruction, which was done in this case, and appellant's demurrer was properly refused. *Johnson v. Railroad*, 27 Mo. App. 379; *Russell v. Railroad*, 26 Mo. App. 368; *Bean v. Railroad*, 20 Mo. App. 641; *Morris v. Railroad*, 50 Mo. 81; *Bradenburg v. Railroad*, 44 Mo. App. 224; *Straub v. Eddy*, 47 Mo. App. 189.

GILL, J.—This case is now before us on the second appeal. At the last term it was reversed and remanded for a new trial on account of an erroneous instruction given at plaintiff's request. 48 Mo. App. 654. The issues have been again tried with a verdict and judg-

ment for $25 in plaintiff's favor, and the defendant appealed.

As said before, the action was brought for the value of a cow which was run over and killed by one of defendant's trains at Gasconade Station.   The action is based on section 4428, Revised Statutes, 1889, which permits a recovery for stock killed by a railroad within the limits of a town or village where the tracks are not, but may be lawfully fenced.

I.   Defendant's assault on this judgment is practically in the nature of a demurrer to the evidence. Plaintiff made no attempt to prove that the train was negligently run over the cow, but rested his case on the mere fact that the animal was killed at a point where the tracks *might* have been fenced, though not required under the statute to be fenced.   In other words, plaintiff seeks to recover under section 4428, rather than under section 2611, Revised Statutes.

This cow was killed within the platted limits of the town of Gasconade which is a small village of say a dozen houses and seventy or eighty people, on the west bank of the river by that name.   It was never incorporated, it seems, but some thirty-five years ago a plat was filed, whereby there were marked off certain blocks, lots and streets.   The railroad tracks run east and west with a slight curve as they approach the Gasconade river going east.   The depot is located about four hundred yards west from the river, and on the two sides of the right of way some lots and blocks were laid out.   A road or street crosses the railroad tracks at the depot, but between this point and the river to the east (about four hundred yards, as we have stated) there is no street crossing the tracks; nor indeed does the plat even show any street laid off north and south which, if open, would intersect this space from the depot to the Gasconade river.   A street on the south

side of the right of way going north is shown, but it terminates at Oak street which runs east and west before getting to the defendant's right of way; and besides a triangular strip of ground was left by the platters all along the south side of the railroad right of way from the depot east to the river, and this reserved land has no streets passing through it. So, too, on the north side a street runs from north to south between the depot and the river, but terminates abruptly at the railroad right of way. It is clear then that there is no platted street or highway of any kind crossing the railroad right of way between the depot and east to the river. Such then being the facts, there was nothing to prevent the fencing of this four hundred feet if defendant chose so to do. If then the plaintiff's cow entered upon the defendant's tracks and was killed by its train within such space as it might have lawfully fenced, then, unless some other objection intervenes plaintiff is entitled to recover the value of his cow, regardless of the question of negligence in the manner of running the train. Revised Statutes, 1889, sec. 4428; *Cowgill v. Railroad*, 33 Mo. App. 677; *Lane v. Railroad*, 18 Mo. App. 555; *Wymore v. Railroad*, 79 Mo. 247.

II. A further objection to plaintiff's right to recover is based on the alleged ground, that the cow got upon the track and was killed at the depot or switch grounds of the railroad. From the evidence it appears there was a switch opened from a point on the main track within the space from the depot east to the Gasconade river, but it seems to have been little used and quite unnecessary for the ordinary business connected with the depot and station. The jury in this regard were instructed "that if they find from the evidence that the point where the cow of plaintiff strayed upon the road was within the limits of the

grounds used at Gasconade Station for depot and switch purposes plaintiff cannot recover." If any objection is to be made to this instruction it is too strongly expressed in defendant's favor; for, as held in *Morris v. Railroad* (58 Mo. 82), the mere existence of a switch does necessarily make it impracticable to fence. It would be better to say that the company is not expected to fence such switch grounds "as are *necessary* to remain open for the use of the public and the necessary transaction of business at the depot or station." The space to be kept open should be no more than is *reasonably necessary* for the transaction of the business at the depot. *Russell v. Railroad*, 26 Mo. App. 368; *Johnson v. Railroad*, 27 Mo. App. 379. And as to what is necessary in such cases, is not left to the arbitrary judgment of the railroad company, but it is a question the courts may and do determine. *Straub v. Eddy*, 47 Mo. App. 194.

From the showing here, no good reason appears why the defendant might not have fenced this space between the road crossing east to the Gasconade river, and so the jury found under the testimony. We discover no reason for disturbing the judgment, and it is, therefore, affirmed. All concur.