BLOOMFIELD et al., Respondents, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 14, 1908.

RAILROADS: Fencing Track: Switch Limits. In an action against a railroad company for the value of the plaintiff's cow killed by the defendant outside the limits of an incorporated village and near the apex of a switch connecting two lines of railway, the evidence is examined and held a question for the jury as to whether the cow was struck within the switch limits of the station, and where the defendant was not bound to maintain fences and cattle-guards.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*L. F. Parker, W. F. Evans* and *Moses Whybark* for appellant.

The point where the animal was struck was right at the apex of the connecting track of the New Madrid branch of the Cotton Belt and the railroad of the appellant, along side of which runs a switch belonging to appellant, which connects with its road north of its apex. It is manifest, therefore, that this point should not have been fenced, and the court erred in submitting that question to the jury as it did do by respondent's instruction number one. Grant v. Railroad, 56 Mo. App. 66; Hillman v. Railroad, 99 Mo. App. 271; Webster v. Railroad, 57 Mo. App. 450; Jennings v. Railroad, 37 Mo. App. 651; Pearson v. Railroad, 33 Mo. App. 543; Wilmont v. Railroad, 7 L. R. A. (N. S.) 203; McGuire v. Railroad, 113 Mo. App. 79; Acord v. Railroad, 113 Mo. App. 84; Kirkpatrick v. Railroad, 120 Mo. App. 416.

GOODE, J.—Plaintiff sued for double damages for the killing of a cow by one of defendant's locomotives. The accident occurred at the station of Lilburn in New Madrid county. The defense is that the cow was struck within the switch limits of said station and where defendant was not bound to maintain fences and cattle-guards. Lilburn is an incorporated village containing from seventy-five to one hundred inhabitants, but the accident occurred outside the corporation line; perhaps three or four hundred feet to the south of it and three quarters of a mile from defendant's depot or station. The track of defendant runs north and south at Lilburn and is bisected by the main line of the Cotton

Belt Railroad and also by a branch line of said road running over to New Madrid. The main line of the Cotton Belt crosses defendant's line a short distance south of defendant's depot, and the branch line crosses defendant's line from a quarter to a half mile further south. The two lines of the Cotton Belt, the main and branch, converge about a quarter of a mile west of defendant's road. Leading off from the branch line of the Cotton Belt in a southeasterly direction, is a curved track called the connecting track, which unites said branch line with defendant's line. The junction of the two is three or four hundred feet south of the south boundary of the village of Lilburn. The cow was killed close to the apex of the track where the branch line of the Cotton Belt joins defendant's main line and near a cattle-guard. The cow was struck by a train traveling south and carried about one hundred and fifty feet further south. Along that part of defendant's right of way there are fences on both sides, but no wing fences leading from the side fences to the cattle-guard, and hence cattle could stray on the track. There is also a side track immediately opposite the point where the animal was struck, running parallel to defendant's main track and connecting with it at the north and south ends of the side track. It was used as a passing track to enable defendant's trains to pass each other. This diagram will illustrate the situation, though it is not drawn to scale so as to indicate the distances in conformity to the testimony of the witnesses.

A   Main line of Frisco
B   Main line Cotton Belt
C   Depot
D   New Madrid Branch
E   Connecting Track
F   Switch of Frisco
G   Handle Factory
H   Public Road
I   Cattle Guard
J   Southern Limits of Lilbourn
K   Found Cow dead
L   Where Cow was struck & where calf was found;
M   Grain Warehouse
N   Stock Pen and switch
O   Switch on New Madrid Branch

The trial court left it to the jury to say whether the cow was killed inside the switch limits of the station, directing them to return a verdict for defendant if she was. Counsel for defendant insist the court erred in leaving it to the jury to determine this point, because the entire evidence shows the cow was killed inside the switch limits and where defendant was under no duty to inclose its right of way with fences. [Grant v. Railroad, 56 Mo. App. 66; Hillman v. Railroad, 99 Mo. App. 271, 73 S. W. 220.] After a patient study of the testimony of the witnesses, we have concluded this assignment of error must be overruled. As the facts are collated in the brief for defendant, it is rather clear the cow was killed inside the switch limits, but when we turn to the testimony, we find much uncertainty. The testimony of the witnesses is confusing and leaves one in doubt, and the cross-examinations indicate defendant's counsel was aware of this; for he labored earnestly to get definite statements. There is a public road crossing three or four hundred feet south of the town boundary, and the animal was struck near this crossing and just north of the cattle-guard intended to prevent stock from entering the track from the crossing. As well as we can tell, there are no factories or business establishments of any consequence closer to the point than several hundred feet. Defendant had fenced the sides of its right of way and put in a cattle-guard, but it neglected to build wing fences to the cattle-guard. One witness swore the animal was killed right where the connecting track leads from defendant's line to the Cotton Belt, *but not within the switch limits of the station.* She was unquestionably killed near the junction point of the two tracks, but whether north or south of it we are unable to determine with certainty; and we do not feel justified in declaring the evidence will bear no inference save that this point was inside the switch limits. On the entire evidence the question was for

the jury.    The conclusion is not inevitable that defend-
ant could not have maintained wing fences as well as
side fences and cattle-guards there, without interfering
with the handling and switching of cars.

The judgment is affirmed.    All concur.